Borenstein, J.
Plaintiff Town of Wayland (“the Town") instituted this action against the Middlesex County Retirement Board (“the Board”) seeking judicial review under G.L.c. 249, §4. The Board had determined that the Town’s termination of Defendant Saul Bobroff (“BobrofF) violated G.L.c. 32, §16(2) and ordered his reinstatement to the position as the Town’s Data Processing Manager. The Town flies this motion for judgment on the pleadings, to which both the Board and Bobroff oppose.
For the following reasons, the plaintiffs motion for judgment on the pleadings is DENIED.

BACKGROUND

The following facts derive from the administrative record. In May 1979, the Town employed Bobroff as Data Processing Manager. Bobroff s Notice of Appointment, dated May 16, 1979, did not specify the term of *560 the employment. For the subsequent four years, from July 1980 to the end of 1984, the Town re-appolnted Bobroff to the same position for four consecutive one year terms. Thereafter, from 1985 to June 1992, Bobroffs employment status with Wayland was unclear. The Town claimed that at all relevant times, Bobroffs position remained an annually appointed position. At the hearing before the Board, the Town, however, could not produce any evidence to support such assertion.
In or about June 1992, the Town began replacing its main frame computer with personal computers, eliminating the need for a Data Processing Manager. Accordingly, on June 29, 1992, the Board of Selectmen of the Town (“the Selectmen") voted to continue Bobroffs employment position to September 3, 1992.
Unable to make a timely transition to personal computers, on August 24,1992, the Selectmen lengthened Bobroffs employment by appointing him for a term through March 31,1993. Finally, on January 25, 1993, the Selectmen voted to eliminate the full-time Data Processing Manager position by April 30, 1993, and extended Bobroffs term until that date. Bobroffs employment with the Town ended on April 30. The Town did not give the Board or Bobroff a written notice of its reason to terminate Bobroff, as required by G.L.c. 32, §16(1) and (2).
Bobroff is a member of the Middlesex Retirement System and a veteran with over ten (10) years of service. In or about June 1994, Bobroff requested a hearing before the Middlesex County Retirement Board, alleging that the Town had wrongfully terminated him. The issue before the Board was whether the Town violated §16(2) when it discharged Bobroff. Both parties were represented by their own counsel. On November 21, 1995, they presented oral arguments before the Board.
On February 15, the Board returned a decision in favor of Bobroff, ordering the Town to reinstate him. The Board found that the Town violated §16(1) and (2) because his position with the Town was not an appointed position.
The Town argues that the Board lacked jurisdiction to hear Bobroffs appeal and that the Board’s decision to grant relief to Bobroff contained substantial errors of law. The Town asserts that Bobroff does not enjoy the protections of §16(2) because he held the position of Data Processing Manager by appointment. The Town’s decision not to reappoint him is not “removal or discharge” within the meaning of §16(2) and, for that reason, notice to the Board was unnecessary.

DISCUSSION

Judicial review pursuant to G.L.c. 249, §4 is “limited to correcting ‘substantial errors of law that affect material rights and are apparent on the record.’ ” Gloucestar v. Civil Service Com'n., 408 Mass. 292, 296-97 (1990); Malone v. Civil Service Com’n., 38 Mass. 147, 151 (1995). The decision of a board “can be disturbed only if it is based on ‘a legally untenable ground’... or is ‘unreasonable, whimsical, capricious or arbitrary.’ ” Forsyth School for Dental Hygienists v. Board of Registration in Dentistry, 404 Mass. 211, 218 (1989).
After reviewing the administrative record, the court finds that the Board’s decision was properly supported by evidence the parties presented before it. At the hearing, the parties contested the employment status of Bobroff from 1985 to June 1992. The Board had sufficient evidence to conclude that, at that time, the position Bobroff occupied was not an appointed position.
Evidence at the hearing revealed that from mid-1980 to 1984 Bobroff was appointed to four consecutive one-year terms as Data Processing Manager. Thereafter, he continued his position as the Town’s Data Processing Manager without being appointed thereto. The Town asserted that Bobroffs position remained an appointed position after 1984. The Town, however, could not produce any evidence to support such claim.
The fact that the Town did not reappoint Bobroff annually for the period from 1985 to June 1992 supports the finding that the position Bobroff occupied at that time was not an appointed position. Thus, the Board had sufficient evidence to find that the Town’s decision to cease employment relationship with Bobroff was more than a decision not to reappoint him. Rather, that decision was a decision to terminate him and, as such, it was within the meaning of “removal or discharge” of G.L.c. 32, §16(2).
The Town argues that the Board lacked jurisdiction to hear Bobroffs appeal because he filed his petition late. This court disagrees with the Town’s contention that G.L.c. 32, §16(l)(b) requires Bobroff to petition the Board within fifteen days of his termination. Rather, the statute requires Bobroff to request a hearing with the Board, within fifteen days of the receipt of a copy of an application, which the Town should have filed with the Board under §16(l)(b) stating its intention to terminate Bobroff and the reason therefor. Id. Here, the Town never gave the Board any notice of Bobroffs termination. Consequently, the fifteen-day filing period never accrued. Thus, Bobroff filed his petition to the Board timely even through he filed it one year and two months after his termination.
For Bobroffs termination to be effective, the Town must have given the Board a written notice containing a “fair summary of the facts” upon which the decision to terminate was based. G.L.c. 32 §16(1) and (2). Here the Town failed to give the Board its intention to terminate Bobroff and the reason therefor. As such, the Board did not err in finding that the Town violated §16(1) in its decision to terminate Bobroff. Accordingly, the Board did not err in deciding to reinstate *561 Bobroff to his former employment position for §16(2) provides for such relief.
The administrative record does not reveal that the Board made any substantial errors of law which would affect material rights of the Town. The decision of the Board was reasonable and grounded upon tenable legal basis. Thus, this court shall not disturb the decision of the Board.

ORDER

Based upon the foregoing, it is hereby ORDERED that the plaintiffs motion for judgment of the pleadings be DENIED.